FILED

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**
701 East Broad Street
Richmond, Virginia 23219

2009 JUL 21   A II: 41

CLERK US DISTRICT COURT
RICHMOND. VA.

**DONALD E. STUART,**

Plaintiff,

v.

Civil Action No. 3:09 CV 459

**LASALLE BANK NATIONAL ASSOCIATION**
As Trustee Under the Pooling and Serving Agreement
Dated as of December 1, 2006, GSAMP Trust 2006-HE8
135 South La Salle Street
Chicago, Illinois 60603


**AEGIS LENDING CORPORATION**
300 Centreville Road #320
Warwick, Rhode Island 02886

**BAC NORTH AMERICAN HOLDING COMPANY**
135 South LaSalle Street
Chicago, Illinois 60603

**BANK OF AMERICA**
Bank of America Corporate Center
Charlotte, North Carolina 28255

And

**ANY UNKNOWN HOLDER OF NOTE** AS TO
LOAN TRANSACTION DATED JULY 25, 2006
BETWEEN PLAINTIFF AND AEGIS LENDING
CORPORATION SECURED BY DEED OF TRUST
THAT WAS A LIEN ON HIS HOME AT 2323
BUCKNER STREET, PETERSBURG, VA 23805,

Defendants.

## COMPLAINT

This is an action seeking enforcement of a rescission of a refinance mortgage loan

transaction pursuant to the federal Truth-in-Lending Act, 15 U.S.C. § 1601 et seq ("TILA")

### I. Jurisdiction

1.     This Court has jurisdiction as to this case under the provisions of 15 U.S.C. §1601 et seq.

and 28 U.S.C. §1331.

### II. Parties

2.     The plaintiff, Donald E. Stuart ("Stuart"), is a natural person who resides at his home at

2323 Buckner Street, Petersburg, Virginia 23805 ("the home").

3.     The defendant, Lasalle Bank National Association, As Trustee Under the Pooling and

Serving Agreement Dated as of December 1, 2006, GSAMP Trust 2006-HE8

135 South La Salle Street, Chicago, Illinois 60603 ("Lasalle Bank"), is a for-profit bank.

4.     The defendant  Aegis Lending Corporation, 300 Centreville Road #320, Warwick,

Rhode Island 02886  ("Aegis") is a for-profit business entity.

5.     The defendant BAC North America Holding Company, 135 South La Salle Street,

6.     Chicago, Illinois 60603 ("BAC" Holding) is a is a for-profit business entity.

7.     The defendant Bank of America is a for-profit bank.

8.     Stuart has included as an additional defendant any unknown holder of the note that

evidences the credit transaction that is the subject of this lawsuit.

### III. Facts.

5.     On July 25, 2006, Aegis was a refinance mortgage loan creditor within the meaning of

the federal Truth-In-Lending Act, 15 U.S.C. Section 1601 et. seq ("TILA") engaged in a

large number of consumer refinance mortgage loans on homes far beyond the threshold

to bring it within the governance of TILA as to consumer credit refinance home mortgage loans that are credit transactions within the meaning of TILA.

7. On October 26, 2007, Aegis entered into a consumer refinance mortgage loan ("the credit transaction") evidenced by a note ("the note") executed by Stuart, secured by a deed of trust ("the deed of trust") executed by Stuart that resulted in a lien on the home, which at that time was his sole place of domicile and residence. The finance charge in the credit transaction exceeded $1,000.00.

8. The credit transaction was a consumer refinance mortgage loan that was a "credit transaction" within the meaning of and governed by TILA.

9. Aegis was required at the loan closing to provide Stuart with certain material disclosures ("the required disclosures at loan closing") as to the credit transaction, which included two written copies setting forth clearly a notice of right to cancel within a specified period of time ("the notice of right to cancel") and setting forth clearly the annual percentage rate; finance charge; total of payments; and number, amount, and due date of payments as to the credit transaction.

10. Aegis failed properly to provide Stuart the required disclosures at closing for reasons including but not necessarily limited to the fact that it materially under disclosed the finance charge for reasons including but not necessarily limited to the fact that it included a hidden finance charge of more than $35.00 among what it disclosed as the amount financed for reasons including but not necessarily limited to a "notary" charge of $250 that was unreasonable and not bona fide. More than $35.00 of such "notary" fee was not bona fide and more than $35.00 of such fee was not reasonable.

11.  On information and belief, Aegis assigned the note. On information and belief, Lasalle Bank became assignee of the note. On information and belief, Lasalle Bank has claimed creditor rights on a claim to be holder of the note since a date prior to May 5, 2008 until the present.

12.  On information and belief, BAC Holding and Bank of America have claimed creditor rights as to the credit transaction. There may be another and unknown entity or other unknown entities that claim creditor rights as to the credit transaction.

13.  Within three years of the credit transaction, Stuart, by counsel, by letter dated May 5, 2008, sent a proper notice of rescission ("the notice of rescission") of the credit transaction, mailed to the address stated on a document titled "Notice of Right to Cancel" provided to Stuart at the loan closing and to Lasalle Bank, BAC Holding, and Bank of America. A copy of the notice of rescission is attached hereto marked "Exhibit A."

14.  The notice of rescission was sent and received in 2008 during the pendency of a non-judicial foreclosure process as to an advertisement for foreclosure sale of the home in which the substitute trustee contended in a newspaper advertisement that the sale would be for enforcement of the deed of trust based on arrearage in payment on the note. During 20 days from receipt of the same, no defendant and no creditor took any action to honor that notice of rescission or to tender in TILA rescission. However, the foreclosure sale was cancelled.

15.  Stuart currently has about $5,000 in checking and savings and will have more funds which he intends to save from his medication. He currently has disability income and receives rent from a boarder. He has hope of the potential to be able to obtain a new loan to obtain sufficient funds to add to the funds he has in savings to make tender as required by

4

him in TILA rescission, but could not do so until after either the current holder of the note honored the notice of rescission thereby providing to prospective new lenders the amount required for rescission (lower than what would otherwise be the payoff) or until there was an adjudication that the notice of rescission was proper and adjudicating such lower amount as needed for tender. If, after such establishment of such lower amount, Stuart were unable to obtain such new financing to make tender, he stands ready to sell the home as a last resort to make tender, and avers that, in such event, he could make such tender if given a reasonable time to sell the home to do so.

16.   Stuart's rights are in doubt and in peril.

## IV. Cause of Action

17.   Pursuant to TILA Stuart is entitled to a declaratory judgment that he has properly rescinded the credit transaction pursuant to TILA with adjudication in such declaratory judgment of the amount he is required to tender.

18.   The Court has discretion pursuant to TILA to alter the timing of tender to allow him a reasonable time to tender pursuant to a new loan after the current note holder will have honored the notice of rescission or after a ruling by this Court that the notice of rescission was valid and establishing the amount due by him in tender and, if he were not able to obtain a loan for that purpose, a reasonable time for him to obtain a sale of the home to make such tender.

## V. Conclusion

Wherefore, Stuart prays that the Court:

A.   Enter a declaratory judgment that he has properly rescinded the credit transactions pursuant to TILA and declaring the amount due in tender by him in TILA rescission.

B.   Enter an Order altering the timing of tender to allow him a reasonable time to tender pursuant to a new loan after the current note holder will have honored the notice of rescission or after a ruling by this Court that the notice of rescission was valid and establishing the amount due by him in tender and, if he were not able to obtain a loan for that purpose, a reasonable time to sell the home to make such tender.

Respectfully submitted,

**DONALD E. STUART,**

By _____
                    Counsel

Henry W. McLaughlin (VSB No. 07105)
Central Virginia Legal Aid Society, Inc.
101 West Broad Street, Suite
P. O. Box 12206
Richmond, Virginia 23241
(804) 648-1012' fax (804) 649-8794
Counsel for Plaintiff